IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW VAN NEST DOBBINS,

                      Plaintiff,                      OPINION AND ORDER

    v.

                                                      19-cv-869-wmc

THE UNIVERSITY OF WISCONSIN, MADISON
TRANSPORTATION SERVICES,

                      Defendant.

---

In this proposed civil rights action brought pursuant to 42 U.S.C. § 1983, *pro se* plaintiff Andrew Van Nest Dobbins claims that the University of Wisconsin, Madison, Transportation Services violated his rights under the Fourth Amendment during the summer of 2019 by "chalking [his] legally parked motorcycle rear tire" when it was parked in front of his residence in Madison. (Dkt. #1 at 2.) Plaintiff alleges that unnamed Transportation Services employees did this "repeatedly" and "willfully," and that the department ignored his attempts to resolve the matter informally. (*Id*.) Plaintiff seeks the following relief: (1) a declaratory judgment requiring the University to admit its guilt; (2) personal apologies from the Director of Transportation Services and an individual named Laurette Heller; (3) $1,200 in compensatory damages for the "tickets paid and owed to Transportation Services"; and (4) compensatory/punitive damages for pain and suffering.

Since plaintiff seeks to proceed in this lawsuit *in forma pauperis*, this court is required to screen his complaint, and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted or ask for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915(e)(2); *see also Luevano*

*v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  Even construing Dobbins' allegations generously and in his favor, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this lawsuit must be dismissed for failure to state a claim upon which relief can be granted.

## OPINION

Section 1983 provides a remedy or private right of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  To establish liability under § 1983, a plaintiff must establish that (1) he had a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the defendant intentionally caused that deprivation; and (4) the defendant acted under color of state law.  *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989).  Plaintiff's claim against the proposed defendant in this lawsuit must be dismissed because he may not obtain monetary damages from this defendant, and the injunctive relief he seeks is unavailable in this action.

Plaintiff has sued the University of Wisconsin Madison Transportation Services, but a state is generally immune from lawsuits brought by individuals unless Congress or the state provides otherwise.  *Hans v. Louisiana*, 134 U.S. 1, 11 (1890).  This immunity includes an action brought under § 1983 for money damages, and it extends to state universities.  *Kaimowitz v. Bd. of Trustees of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991).  Transportation Services, as part of the University of Wisconsin, is immune from plaintiff's claim for money damages.  While the Eleventh Amendment does not bar damages suits

against state officials in their individual capacities, *Kroll v. Bd. of Trustees of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991), plaintiff has named no individual employees of the State of Wisconsin as defendants. Accordingly, to the extent plaintiff seeks to pursue a claim for damages against the State itself for alleged constitutional violations, the Eleventh Amendment bars his § 1983 claims against it.

Moreover, the injunctive relief he seeks -- an admission of guilt and an apology from certain individuals associated with the department -- are not cognizable forms of relief in a 1983 action. *DaSilva v. Indiana*, No. 19-cv-2453-JMS-DLP, 2020 WL 994847, at *11 (S.D. Ind. Mar. 2, 2020) (sought-after injunctive relief enjoining Attorney General from committing future constitutional violations and requiring him to retract and apologize for past defamatory statements was overbroad); *Kesterson v. Kent State Univ.*, 345 F. Supp. 3d 855, 886 (N.D. Oh. 2018) ("An apology for past wrongdoing is not prospective injunctive relief and is not the type of relief that is cognizable in a § 1983 action against a state official in his official capacity"). Thus, because plaintiff cannot recover either monetary damages or his sought-after injunctive relief from the defendant, his suit must be dismissed.

In general, when a complaint is subject to dismissal for failure to state a claim, the plaintiff should receive an opportunity to file an amended complaint that corrects the deficiencies, but "[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile." *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Such is the case here. Even if plaintiff could name an individual who was responsible for the alleged deprivation of his constitutional rights, that individual would undoubtedly be immune from liability

3

for damages under the doctrine of qualified immunity, which protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

That is because until the Sixth Circuit issued its decision in *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir. 2019) (*Taylor I*), which plaintiff cites in his complaint, no federal court had held that tire chalking constitutes a search, much less an unreasonable one. Yet a right is "clearly established" only if it is found in Supreme Court precedent, *controlling* circuit authority, or "a *consensus* of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 617 (1999) (emphasis added). And in any event, the Sixth Circuit's decision leaves open the question whether tire chalking could be justified under certain exceptions to the warrant requirement. *Taylor I*, 922 F.3d at 336; *see also Taylor v. City of Saginaw*, 11 F.4th 483, 489 (6th Cir. 2021) (*Taylor II*) (declining to address whether certain exceptions to the warrant requirement could justify the city's chalking of car tires). Accordingly, qualified immunity would most assuredly prevent plaintiff from recovering money damages in this case. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("[E]xisting precedent must have placed the statutory or constitutional question beyond debate" for a right to be clearly established); *see also Taylor II*, 11 F.4th at 489-90 (concluding that the defendant parking officer who chalked plaintiff's car tires was entitled to qualified immunity).

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew Van Nest Dobbins' complaint under 42 U.S.C. § 1983 is DISMISSED with prejudice for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

2. The clerk of court is directed to enter judgment and close this case.

Entered this 3rd day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge